# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

PATRICK MARRS,

                Petitioner,

      v.

FLOWERDEW, Assistant
Superintendent,

                Respondent.

Case No. 3:25-cv-00122-SLG-MMS

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 1 is Patrick Marrs's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. The petition was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 5, on July 16, 2025, Judge Scoble issued his Report and Recommendation, in which he recommended that the petition be dismissed without prejudice. Mr. Marrs responded with objections to the Report and Recommendation at Docket 7. Defendant did not file a reply.

Also pending is Mr. Marrs's Motion for Leave to Amend Habeas Corpus § 2241 at Docket 6. The motion is dated July 13, 2025, but was received and filed by the Court on July 17, 2025. Presumably Mr. Marrs filed the motion before he had received the Magistrate Judge's Report and Recommendation. Because this Court agrees with the Report's conclusion that Mr. Marrs has not exhausted his state court remedies at this time and *Younger* abstention applies, such that permitting an amended petition in this case would be futile. Further, the Court has

reviewed Mr. Marrs's objections to the Magistrate Judge's report and does not find that this case should proceed. Therefore, the motion at Docket 6 is DENIED.

The Petition is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court dismiss the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. The Court has reviewed the Report and Recommendation together with Mr. Marrs's objections, and, on de novo review, agrees with the Report and Recommendation's analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice. The motion at Docket 6 is DENIED; any other pending motion is DENIED as moot. The Clerk of Court shall enter a final judgment

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Case No. 3:25-cv-00122-SLG-MMS, *Marrs v. Flowerdew*
Order re Report and Recommendation
Page 2 of 3

Case 3:25-cv-00122-SLG-MMS    Document 8    Filed 08/18/25    Page 2 of 3

accordingly. A Certificate of Appealability shall not issue because reasonable jurists could not debate whether this petition should have been resolved in a different manner.[4] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 18th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:25-cv-00122-SLG-MMS, *Marrs v. Flowerdew*
Order re Report and Recommendation
Page 3 of 3

Case 3:25-cv-00122-SLG-MMS    Document 8    Filed 08/18/25    Page 3 of 3